**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| PETER J. MOSETI,<br><br>*Plaintiff*,<br><br>v.<br><br>COLLIN COLLEGE and ROBERT PEVEHOUSE,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:25-CV-00358-MJT-CLS |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the Court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

## I. BACKGROUND

On July 20, 2026, Judge Stetson issued a Report and Recommendation [Dkt. 142] advising the Court to grant both Defendant Robert Pevehouse's Motion for Summary Judgment [Dkt. 111] and Defendant Collin County Community College District ("Collin College")'s Motion for Summary Judgment [Dkt. 113]. On July 26, 2026, *pro se* Plaintiff Peter Moseti objected to the Report and Recommendation, raising four "specific" objections. *See* [Dkt. 148 at 1–9].

## II. LEGAL STANDARD

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of the findings or recommendations to

which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

## III. DISCUSSION

### A. Plaintiff's "Appendix"

Alongside his objections, Plaintiff submitted a nearly 300-page "Appendix supporting [them]." [Dkt. 148 at 1]; *see* [Dkt. 149-1]. Many of the materials therein were not before the Magistrate Judge when she issued her Report and Recommendation. *Compare* [Dkt. 149-1], *with* [Dkts. 112-1 to 112-5; 114-1 to 114-7; 116-1; 118-1]. Every litigant "'has a duty to put its best foot forward' before the Magistrate Judge;" "filing objections to the Report and Recommendation . . . does not entitle [one] to raise issues at that stage that were not adequately presented to the Magistrate Judge." *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994) (internal quotation omitted). Indeed, "while the [federal Magistrate Judge] Act provides for de novo review by the district court if timely objections are filed, it does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge—'absent compelling reasons.'" *Id.* (internal citation omitted). The prohibition on new evidence extends to evidence that was before the magistrate judge if no party cited it. *See Outley v. Luke & Assocs.,*

*Inc.*, 840 F.3d 212, 217 (5th Cir. 2016) (quoting *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)); *accord* [Dkt. 142 at 11 n.8].

Notwithstanding his failure to provide much of this evidence in his initial briefing, Plaintiff asks the Court to "receive" it ("or recommit [it] under § 636(b)(1)"). *See* [Dkt. 148 at 3 (citing *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998))]. While the Court retains discretion to accept evidence that "was not presented to the magistrate judge," that discretion is guided by "among other things, the reasons for" not presenting it, "the importance of the omitted evidence," and, notably, "whether the evidence was available to the non-movant before []he responded to the summary judgment motion." *Freeman*, 142 F.3d at 853 (internal quotation omitted). Here, Plaintiff offers nothing in support of his "request that the Court receive" new evidence. [Dkt. 148 at 3]. Tellingly, he may not have "intentionally with[e]ld evidence" [*id.*], but all newly proffered evidence was certainly "available to [him] before []he responded to the summary judgment motion." *Freeman*, 142 F.3d at 853. As such, the Court rejects considering this newly proffered evidence. *See id.* at 852 ("[T]he district court should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge.").

**B. "Objection One"**

Plaintiff first objects to the finding that "[n]o complaint [filed by Plaintiff], formal or informal, mentions Plaintiff's race" [Dkt. 142 at 17 n.21]. *See* [Dkt. 148 at 3]. Plaintiff points to one of the four complaints in the record wherein he stated that "Scott, the plumber question[ed] [him] on if [he] mind[ed] working with 'white people'" [Dkt. 114-1 at 38–40]. *See* [Dkt. 148 at 3–4]. This objection is plainly incorrect. That complaint may allow the inference that Plaintiff was not White, but it does not explicitly state Plaintiff's race. *See* [Dkt. 114-1 at 38–40].[1]

[1] The other complaints also do not state Plaintiff's race. *See* [Dkts. 114-1 at 7, 11–12; 114-2 at 142].

Plaintiff also argues that the complaint's mention of Scott the plumber's "race-based" comment is sufficient to raise a fact issue on whether the complaint was protected activity under Title VII. *See* [Dkt. 148 at 4]. That the plumber's statement was race-based is not the whole issue—the inquiry is whether a reasonable person would think that the "statement[] constituted an unlawful employment practice in and of [it]sel[f]." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 349 (5th Cir. 2007). Generally, "offhand comments[] and isolated incidents" will not constitute unlawful employment practices "(unless extremely serious)." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (quoting *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998)). Here, this one question is not extremely serious. While Scott's statement was directed at Plaintiff, Scott was neither Plaintiff's supervisor nor even under Pevehouse's supervision like Plaintiff; one cannot say that this one incident alone meets Congress's standard for unlawful activity. *See id.*; *Turner*, 476 F.3d at 348–49 (referencing *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000)); *Satterwhite v. City of Houston*, 602 F.App'x 585, 588–89 (5th Cir. 2015).

In any event, if Plaintiff's belief was reasonable, *see EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 240–44 (5th Cir. 2016), Collin College would still be entitled to summary judgment on Plaintiff's Title VII retaliation claim because Plaintiff's disciplinary history is justification for the termination of his employment. *See Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007); *Brooks v. Hous. Indep. Sch. Dist.*, 86 F.Supp.3d 577, 586–89 (S.D. Tex. 2015); *see also Evans v. City of Houston*, 246 F.3d 344, 354–65 (5th Cir. 2001). Nothing in the record suggests that Plaintiff's "continu[ed] fail[ures] to act 'in accordance with' Collin College's 'policies, procedures and Core Values'" was mere pretext for his firing. [Dkt. 142 at 17]. Further, by transferring Plaintiff to a new supervisor in response to the complaint that mentioned the plumber's comment, *see* [Dkt. 114-1 at 46–47], the College further demonstrates that it did not

part ways with Plaintiff in September "but for" the internal grievance he filed in May. *See, e.g.*, *Strong*, 482 F.3d at 806–08. The College is entitled to summary judgment on Plaintiff's Title VII retaliation claim. *Cf. Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) ("[A]n employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred."). "Objection One" is **OVERRULED**.

### C. "Objection Two"

Second, Plaintiff objects to the Report and Recommendation's finding that Pevehouse was not included among the various managers who were responsible for "suggest[ing] which employees to terminate" [Dkt. 142 at 9]. *See* [Dkt. 148 at 4]. This finding is based on the declaration of Christopher Eyle [Dkt. 114-5], the "Vice President of Facilities at the College" [Dkt. 142 at 8], who did not name Pevehouse when listing the individuals "included" in the group that ranked employees for termination, *see* [Dkt. 114-5 at 3 ¶11]. Pevehouse testified to the same. *See* [Dkt. 114-6 at 3 ¶11]. No evidence to the contrary is cited in the summary-judgment briefing,[2] and thus Plaintiff's "Objection Two" is **OVERRULED**.[3]

[2] In his objections, Plaintiff points to Collin College's response to his Request for Admission No. 40 as additional support for showing that Pevehouse's involvement in Plaintiff's firing is disputed. [Dkt. 148 at 4]. The Court need not consider this evidence, however, as it only appears in Plaintiff's newly proffered appendix. Nonetheless, the response would not create a fact issue because Collin College admitted only that Pevehouse "participated in communications that affected . . . the reduction-in-force in the overall department." [Dkt. 149-1 at 42]. This does not establish that Pevehouse was part of the ranking group; it just acknowledges the logical conclusion that Pevehouse's discipline of Plaintiff contributed to Plaintiff's ultimately low ranking among HVAC techs.

[3] Plaintiff's second objection continues, somewhat unclearly, with an argument that seemingly touches on causation regarding his retaliation claim. *See* [Dkt. 148 at 5–7]. Upon review of these arguments and the record, the Court maintains its conclusion regarding Plaintiff's inability to prove causation, *supra* section III.B.

**D. "Objection Three"**

Plaintiff's third objection concerns his 42 U.S.C. § 1983 claim against Pevehouse. Plaintiff faults the "[Report and Recommendation]'s conclusion that Pevehouse acted reasonably" when imposing various disciplinary measures on Plaintiff. [Dkt. 148 at 8]; *see* [Dkt. 142 at 14]. But in the face of Plaintiff's workplace-conduct history, it was objectively reasonable for Pevehouse to discipline his subordinate as he did. *See* [Dkt. 142 at 1–8, 14]. The Magistrate Judge did not resolve any factual disputes against Plaintiff in making this conclusion, either; she viewed the evidence neutrally and rejected the College's "characterization" of it. [*Id.* at 1 n.1]. Furthermore, Plaintiff's claim against Pevehouse fails because "Plaintiff does not explicitly assert that Pevehouse treated him different *because of his race*." [*Id.* at 12 n.10]. The fairest reading of the record is that Pevehouse harbored personal animosity to Plaintiff, but as nothing suggests that the animosity was discriminatory, Plaintiff does not have an equal-protection claim. *See* [*id.* at 14 & nn.14–15]. The "class-of-one theory of equal protection does not apply in the public employment context." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008).

Plaintiff also asserts that the Report and Recommendation incorrectly found that Dean, one of Plaintiff's White coworkers, was not a comparator for equal-protection purposes. [Dkt. 148 at 7]; *see* [Dkt. 142 at 13–14]. The evidence belies Plaintiff's assertion. Plaintiff's schedule changing was a problem; but Dean's (and others'[4]) was approved. *See* [Dkts. 112-4 at 17:18-25, 36:19-25; 116-1 at 28–35]. Thus, "Dean is not a proper comparator [because] he and Plaintiff lack 'comparable violation histories.'" [Dkt. 142 at 13 (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d

[4] Woody, Plaintiff's Black coworker, was among those that Pevehouse allowed to arrive and depart work early at times. As the Magistrate Judge found, this fact "strongly undercuts any inference that Pevehouse" used Plaintiff's unilateral schedule changes "as mere pretext for race-based discrimination." [Dkt. 142 at 13 n.13].

253, 259–61 (5th Cir. 2009))]; *cf. also Brooks*, 86 F.Supp.3d at 588. Accordingly, Plaintiff's "Objection Three" is **OVERRULED**.

### E. "Objection Four"

Plaintiff's fourth and final objection is that the Report and Recommendation erred in determining that his hostile-work-environment claim failed as a matter of law. He avers that the Magistrate Judge "isolate[d] one racial statement" and ignored "the totality of the circumstances." [Dkt. 148 at 8–9]. But Plaintiff misses a key reason why this recommendation was made: the Magistrate Judge found no "evidence that Pevehouse harbored racial animosity towards Plaintiff." [Dkt. 142 at 16]. She also concluded that "the measures imposed by Pevehouse . . . were objectively not harassment" because "it was the direct result of the documented shortcomings in [Plaintiff]'s job performance" [*Id.* (quoting *Robinson v. Paulson*, No. 6-CV-4083, 2008 WL 4692392, at *18 (S.D. Tex. Oct. 22, 2008))], but even if the discipline was actionable harassment, nothing shows that it "was based on a protected characteristic" as required for this claim, *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007)—rather, it was based on Plaintiff's "performance issues" [Dkt. 114-7 at 17:9]. Therefore, "Objection Four" is **OVERRULED**.

## IV. ORDER

It is therefore **ORDERED** that the Report and Recommendation [Dkt. 142] is **ADOPTED** and that Pevehouse's and Collin College's Motions for Summary Judgment [Dkts. 111; 113] are **GRANTED**. A final judgment will be entered.

**SIGNED this 6th day of August, 2026.**

Michael J. Truncale
United States District Judge